Onishchenko v. Lynch

BIA
Hom, IJ
A205 427 796

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand sixteen.

PRESENT:
>    ROBERT A. KATZMANN,
>        *Chief Judge,*
>    JON O. NEWMAN,
>    PETER W. HALL,
>        *Circuit Judges.*

---

OLEKSII ONISHCHENKO,
>    *Petitioner*,

>    v.                                    15-1011
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

---

FOR PETITIONER:        Daniel D. Estrin, Sirota & Associates, P.C., Brooklyn, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony

W. Norwood, Senior Litigation Counsel; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oleksii Onishchenko, a native of the former Soviet Union and a citizen of Ukraine, seeks review of a March 13, 2015, decision of the BIA affirming a January 30, 2013, decision of an Immigration Judge ("IJ") denying Onischehnko's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Oleksii Onishchenko, Snizhana Onishchenko,* Nos. A205 427 796, 205 427 797 (B.I.A. Mar. 13, 2015), *aff'g* Nos. A205 427 796, 205 427 797 (Immig. Ct. N.Y. City Jan. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief—credibility—that the BIA declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because the BIA declined to reach the IJ's adverse credibility finding, we assume Onishchenko testified credibly. *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011).

As an initial matter, the Government is correct that Onishchenko has waived any challenge to the agency's denial of CAT relief or its conclusion he was not persecuted based on his membership in a particular social group. Onishchenko's brief raises only a general challenge to the denial of CAT relief, and he makes no argument concerning the viability of his particular social group. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Therefore, we review only the denials of asylum and withholding of removal.

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Onishchenko argues that he was persecuted based on his political opposition to the government's failure to fight extortion and racketeering. He bases this argument on his participation in

3

a group of business owners protesting the government's failure to stop racketeering. "Although opposition to corruption for purely self-interested reasons may lack a political motivation, 'opposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime.'" *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010) (quoting *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005)). "In considering whether opposition to corruption constitutes a political opinion, the important questions . . . are whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang*, 426 F.3d at 548 (internal quotation marks omitted).

The agency reasonably concluded that Onishchenko opposed the government's failure to fight racketeering for self-interested reasons, rather than due to an anti-corruption political opinion. Onishchenko did not claim to have taken any actions to oppose government corruption prior to being extorted

4

himself. He testified that, after the anonymous callers began threatening him, he was approached by a fellow business owner and asked to join a protest group because other business owners were being threatened. Onishchenko stated that the purpose of the group was to protect businessmen. Considering this testimony, the agency reasonably concluded that Onishchenko's activity was not "a challenge to the legitimacy or authority of the ruling regime," *Yueqing Zhang*, 426 F.3d at 548, but rather an attempt to protect himself from extortion. Moreover, there is no evidence in the record that the anonymous callers (or the government) sought to persecute Onishchenko because of his political beliefs. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Instead, Onishchenko consistently testified that the callers wanted his business.

Because the agency's conclusion that Onishchenko's past harm, and fear of future harm, bore no nexus to a protected ground is dispositive of asylum and withholding of removal, we decline to review the agency's ruling that Onishchenko did not suffer harm rising to the level of persecution.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

5

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk